UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 25-417(DSD/ECW)

Desiree Knight,
as legal guardian of A.G.,

    Plaintiff,

v.                                                    **ORDER**

Minneapolis Public Schools,

    Defendant.

This matter is before the court upon the motion to dismiss by defendant Minneapolis Public Schools. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

Pro se plaintiff Desiree Knight's minor daughter attends Follwell Community School in Minneapolis.[1] Compl. ¶ 4. Knight alleges that A.G. receives special education services under the Individuals with Disabilities Education Act (IDEA) and is entitled to accommodations under the Americans with Disabilities Act (ADA). Id. ¶ 6. Knight further alleges that defendant violated the ADA in the following three ways: (1) school staff restrained A.G. on

---

[1] Because Knight's daughter is a minor, the court will use her initials, A.G., to refer to her.

January 13, 2025, and did not inform Knight of the incident or provide requested information about the incident, id. ¶¶ 7-8; (2) the school did not provide A.G. with "timely and adequate special education services," thus delaying A.G.'s Individualized Education Plan (IEP), id. ¶ 9; and (3) the school failed to timely provide A.G. with "specialized transportation," as provided for in the IEP.  Knight did not provide any details about these three issues in her complaint.  See generally Compl.

On February 3, 2025, Knight commenced this action alleging that defendant violated the ADA.  She seeks compensatory damages, punitive damages, and attorney's fees.  Although Knight brings the action on behalf of A.G., she seeks damages on her own behalf for financial losses, future income loss, lost educational opportunities, and time spent addressing defendant's alleged ADA violations.  Id. at 3.  Defendant now moves to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

2

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

**II.  ADA Claim**

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

As to Knight herself, an ADA claim is not actionable. She does not allege that she has been subject to ADA violations, and therefore has not raised an ADA claim on her own behalf and is not entitled to damages for her claimed monetary losses.

As to her child, the law is clear that Knight may not represent A.G. pro se. "Non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves." Crozier for A.C. v. Westside Community School District, 973 F.3d 882, 887 (8th Cir. 2020). In other words, Knight must secure a lawyer to represent her in her capacity as A.G's guardian to proceed.

Even if she could represent her child, Knight has failed to plead a cognizable claim under the ADA on A.G.'s behalf. The allegations as to each of the three ADA violations are vague and lacking any basis on which the court could conclude that defendant violated the ADA, even considering her post-complaint submissions.

As a result, the court must dismiss this case. The court will dismiss it without prejudice, however, to allow plaintiff to retain an attorney should she choose to do so.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 10] is granted; and

2. This case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 14, 2025				s/David S. Doty
						David S. Doty, Judge
						United States District Court